S. Samuel Di Falco, S. The court finds that the decedent received from the petitioner five New York City bonds and five State of Arkansas bonds on the express promise of the decedent to return the same bonds to the petitioner. The bonds were pledged by the decedent with Colonial Trust Company to secure a loan made by it to the decedent, and the bonds are still held by the trust company for the person determined to be entitled to the bonds. It was conceded at the trial that the bonds in the loan account with the trust company are the same bonds originally purchased by the claimant. Apart from that concession the description of the bonds on the loan card corresponds exactly with the description on the document executed by the decedent when the bonds were delivered to him. The loan by the trust company has been satisfied, and the trust company makes no claim to the bonds.
The transaction between the parties was in the nature of a bailment for the sole benefit of the bailee, that is, the decedent. After using the property for the purpose presumably contemplated by the parties, the decedent was under obligation to return the bonds to the owner, as he explicitly agreed to do. The decedent could not legally sell the bonds and use the proceeds as his own. His personal representative and creditors are in no better position. (Matter of Cooke, 147 Misc. 528.) The petitioner is entitled to the return of his bonds in accordance with the decedent’s promise.
The United States Attorney has raised the point that the trust company should have satisfied its claim by resorting to the collateral rather than by proceeding in the manner it did to collect the loan. That issue was not litigated at the hearing and is not before the court.
Submit decree on notice accordingly.